COPY

1   JULIE A. DUNNE, Bar No. 160544
2   LITTLER MENDELSON
    A Professional Corporation
3   501 W. Broadway, Suite 900
    San Diego, CA  92101.3577
4   Telephone:  619.232.0441
    Fax No.:     619.232.4302
5   E-mail:      jdunne@littler.com

6   DOMINIC J. MESSIHA, Bar No. 204544
    MATTHEW J. SHARBAUGH, Bar No. 260830
7   LITTLER MENDELSON
    A Professional Corporation
8   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
9   Telephone:  310.553.0308
    Facsimile:  310.553.5583
10  E-mail:      dmessiha@littler.com;
                 msharbaugh@littler.com

11  Attorneys for Defendants
    J.C. PENNEY COMPANY, INC. and
12  J.C. PENNEY CORPORATION, INC.

13

14                 UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16  ALYSSA JONES, individually, and on        Case No.   CV11-05631 DDP (EX)
    behalf of other members of the general
17  public similarly situated,

                                               NOTICE OF REMOVAL OF CIVIL
18              Plaintiff,                      ACTION TO FEDERAL COURT BY
                                               DEFENDANTS J.C. PENNEY
19  v.                                         COMPANY, INC. AND J.C.
                                               PENNEY CORPORATION, INC.
20  J.C. PENNEY CORPORATION, INC.,
    a Delaware Corporation; J.C. PENNEY        [28 U.S.C. §§ 1332, 1441, 1446]
21  COMPANY, INC., a Delaware
    Corporation, and DOES 1 through 10,
22  inclusive,

23              Defendants.

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

FILED
CLERK U.S. DISTRICT COURT

JUL - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2   **CENTRAL DISTRICT OF CALIFORNIA, AND PLAINTIFF ALYSSA JONES**

3   **AND HER ATTORNEYS OF RECORD:**

4       PLEASE TAKE NOTICE that Defendants J.C. Penney Company, Inc. and J.C.

5   Penney Corporation, Inc. (collectively, "JCPenney" or "Defendants") hereby remove

6   the above-captioned action from the Superior Court of California for the County of

7   Los Angeles to the United States District Court for the Central District of California.

8   This removal is based on 28 U.S.C. sections 1332(d), 1441 and 1446, and specifically,

9   on the following grounds:

10                        **STATEMENT OF JURISDICTION**

11       1.    This action is a civil action over which this Court has original jurisdiction

12   based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a), and is one

13   that may be removed to this Court by Defendant pursuant to 28 U.S.C. Section

14   1441(b) because it is a civil action between citizens of different states and the amount

15   in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

16   28 U.S.C. §§ 1332(a), 1441(b) and § 1446(b).

17                               **VENUE**

18       2.    The action was filed in Superior Court of California for the County of

19   Los Angeles.  Thus, venue properly lies in the United States District Court for the

20   Central District of California.  *See* 28 U.S.C.  §§ 84(c), 1391(a), 1441(a).

21               **PLEADINGS, PROCESS AND ORDERS**

22       3.    On December 23, 2010, Plaintiff Alyssa Jones ("Plaintiff"), on behalf of

23   herself and all others similarly situated, filed a Complaint in the Superior Court of

24   California for the County of Los Angeles, entitled *ALYSSA JONES, individually, and*

25   *on behalf of other members of the general public similarly situated v. J.C. PENNEY*

26   *CORPORATION, INC., a Delaware Corporation; J.C. PENNEY COMPANY, INC., a*

27   *Delaware Corporation; and DOES 1 through 10, inclusive,* Case No. BC451823.   A

28   true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553.0308

1.

4.     Subsequently, on January 27, 2011, Plaintiff filed a First Amended Complaint in the Los Angeles Superior Court (herein referred to as the "FAC").

5.     Plaintiff's FAC sets forth only one alleged claim for relief, pursuant to California Labor Code § 1198 and California Code of Regulations, Title 8, section 11070(14) (Failure to Provide Seating). (*See* FAC.)  She seeks penalties in connection with this alleged claim under California's Private Attorneys General Act ("PAGA"), California Labor Code section 2699.3, *et seq.*  (*See* FAC.)  A true and correct copy of Plaintiff's First Amended Complaint and Summons is attached hereto as **Exhibit B**.

6.     On or around January 5, 2011, the Superior Court issued an Order setting a Case Management Conference on April 8, 2011 in Department 47 of the Los Angeles Superior Court.  A true and correct copy of this Order is attached to this Notice as **Exhibit C**.

7.     On January 26, 2011, JCPenney removed this action to the United States District Court for the Central District of California, pursuant to the Class Action Fairness Act of 2005 ("CAFA") based on, among other things, Plaintiff's captioning of both her Complaint and her FAC as "class action" pleadings.

8.     Subsequently, in ruling on Plaintiff's Motion to Remand, the U.S. District Court remanded this matter to the Los Angeles Superior Court on June 9, 2011, determining that Plaintiff labeled her pleadings "in error" and confirming that this case is not a class action, but a "representative enforcement action brought pursuant to PAGA."  A true and correct copy of the District Court's June 9th Order is attached to this Notice as **Exhibit D**.

9.     On June 15, 2011, the Los Angeles Superior Court issued a Minute Order regarding the U.S. District Court's remand of the case.  A true and correct copy of this June 15th Minute Order is attached to this Notice as **Exhibit E**.

10.     As of the date of this Notice of Removal, no other defendants have been named or served with a copy of the Complaint or FAC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

2.

11.    To JCPenney's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles Superior Court.

### TIMELINESS OF REMOVAL

12.    This Notice of Removal is timely, in that it is filed within thirty (30) days after JCPenney received "an amended pleading, motion, *order* or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). Specifically, on June 9, 2011, JCPenney received a copy of the U.S. District Court's Order Granting Plaintiff's Motion to Remand. (*See* Ex. D.) Therein, the Court ruled that Plaintiff's lawsuit is not a "class action" subject to the jurisdictional reach of the Class Action Fairness Act—notwithstanding her affirmative designation of her pleadings as "class action" complaints—but is instead a "representative enforcement action brought pursuant to PAGA." (*Id.*)

13.    Upon receipt of the District Court's June 9th Order, JCPenney learned for the first time that Plaintiff's claims are not subject to CAFA, but that she is instead pursuing individual claims in connection with a representative action under the Private Attorneys General Act. Thereafter, JCPenney timely filed this Notice of Removal within thirty (30) days of receipt of the U.S. District Court's Remand Order. *See* 28 U.S.C. § 1446(b); *see also Babasa v. Lenscrafters, Inc.*, 498 F. 3d 972, 973 (9th Cir. 2007) (holding that removal must be effectuated within 30 days after receipt of "other paper" from which it may be ascertained the case is removable); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

1  proper."); *see also Durham v. Lockheed Martin*, 445 F.3d 1247, 1250 (9th Cir. 2006)

2  (same).

3      14.    Moreover, although JCPenney previously removed this action to federal

4  court, this fact does not preclude JCPenney from removing at this time based on new

5  grounds. *See, e.g., Deutsche Bank Nat'l Trust Co. v. Parra*, 2011 U.S. Dist. LEXIS

6  62646, at *3-4 (C.D. Cal. June 10, 2011) ("A second removal is permissible when

7  made on new grounds arising from subsequent pleadings or events."); *see also Aurora*

8  *Loan Servs. LLC v. Cortez*, 2010 U.S. Dist. LEXIS 112032, at *4 (C.D. Cal. Oct. 12,

9  2010) (same); *One Sylvan Road N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D.

10  Conn. 1995) ("The fact that a case was initially removed and remanded does not in

11  and of itself preclude removal a second time around.   A defendant who fails in an

12  attempt to remove on the initial pleadings ***can file a second removal petition when***

13  ***subsequent pleadings or events reveal a new and different ground for removal*.")

14  (emphasis added).

15      15.    JCPenney initially removed this case under the Class Action Fairness

16  Act, premised upon Plaintiff's filing of a "class action" complaint and, *inter alia*, the

17  fact that the alleged damages placed in controversy by her class action claims

18  exceeded $5 million. *See, e.g., Thompson v. APM Terminals Pac. Ltd.*, 2010 U.S.

19  Dist. LEXIS 142537, at *5-6 (N.D. Cal. Aug. 26, 2010); *Adams v. Luxottica U.S.*

20  *Holdings Corp.*, 2009 U.S. Dist. LEXIS 130660, at *16 (C.D. Cal. Jul. 24, 2009).

21  Given the nature of Plaintiff's pleading allegations—*i.e.,* that she sought to pursue her

22  purported claims on a class basis—JCPenney did not invoke the traditional diversity

23  jurisdiction principles of 28 U.S.C. § 1332(a) in connection with its initial removal.

24      16.    Since that time, however, the U.S. District Court issued a remand order

25  on June 9, 2011, determining that Plaintiff was not alleging class action claims, but

26  instead, that she was proceeding with a representative enforcement action under

27  PAGA.   (*See* Ex. D.)   Accordingly, given the change in the nature of Plaintiff's

28  alleged claims, JCPenney discovered that this case is now removable on an individual

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2040 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

4.

1  basis, under 28 U.S.C. § 1332(a).  Thus, jurisdiction exists based upon this "new and

2  different ground for removal." *One Sylvan Road N.*, 889 F. Supp. at 62.  Moreover,

3  the legal viability of this new ground was recently established by an Eastern District

4  of California decision, which affirmed the propriety of aggregating potential PAGA

5  penalties among all aggrieved employees for purposes of establishing the $75,000

6  individual jurisdictional minimum under 28 U.S.C. § 1332(a).  *See Thomas v. Aetna*

7  *Health of Cal., Inc.*, 2011 U.S. Dist. LEXIS 59377 (E.D. Cal. June 2, 2011).[1]

8              **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

9         17.   **Plaintiff's Citizenship.**  Plaintiff is a citizen of the State of California.

10  Her FAC expressly avers that she is a resident of the County of Los Angeles,

11  California.  (FAC ¶ 7.)  To this end, a person is a "citizen" of the state in which she is

12  domiciled for purposes of evaluating diversity.  *See Kantor v. Wellesley Galleries,*

13  *Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d

14  853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides

15  with the intention to remain).  Accordingly, Plaintiff is a citizen of the State of

16  California.

17         18.   **Defendants' Citizenship.**   Turning to Defendants' citizenship, for

18  diversity purposes, a corporation "shall be deemed a citizen of any State by which it

19  has been incorporated and of the State where it has its principal place of business."  28

20  U.S.C. § 1332(c)(1).  In this regard, Defendants were, at the time of the filing of this

21  action, and remain, citizens of the States of Delaware and Texas.

22         19.   J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. are both

23  incorporated in the State of Delaware, with their principal place of business in Plano,

24  Texas.  (Declaration of Antonio Wilson in Support of Notice of Removal ("Wilson

25  Decl.") ¶¶ 2-4.)

26

27

28

---

[1]    The *Thomas* decision is addressed in greater detail below, as it relates to JCPenney's discussion of the amount in controversy analysis.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

5.

20.    As to the latter aspect of the corporate citizenship analysis, the United States Supreme Court recently addressed the varying approaches to the "principal place of business" analysis and announced a single, uniform test to be applied in making such a determination. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (U.S. 2010).  Specifically, the Court held that the "nerve center" test should be used to determine a corporation's "principal place of business." *Id.*

21.    To this end, a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.*   In other words, a corporation's "principal place of business" can be found where its "brain" is located. *Id.* at 1193.  This analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

22.    Applying the above analysis, the principal place of business, or "nerve center," of Defendants is indisputably located in Plano, Texas.  Indeed, JCPenney's corporate headquarters are located in Texas and nearly all of the executive and administrative functions of JCPenney are carried out at this Texas headquarters location.  (Wilson Decl. ¶ 4.)

23.    Accordingly, Defendants are not citizens of California, but rather they are citizens of Delaware and Texas, for purposes of determining diversity of citizenship. *See, e.g., Breitman v. May Co.*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed).

24.    Defendants Does 1 through 10 are fictitious.  The FAC does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

6.

1   allegation against any fictitious defendants.  Thus, pursuant to Section 1441(a), the

2   citizenship of defendants sued under fictitious names must be disregarded for

3   purposes of determining diversity jurisdiction and cannot destroy the diversity of

4   citizenship between the parties in this action.  *See Newcombe v. Adolf Coors Co.*, 157

5   F.3d 686, 690-91 (9th Cir. 1998).

6       25.   Accordingly, because Plaintiff is a citizen of a State different from

7   JCPenney, minimal diversity exists for purposes of establishing jurisdiction.  *See* 28

8   U.S.C. § 1332(a).

9   **THE AMOUNT IN CONTROVERSY PLAINLY EXCEEDS $75,000.**

10      26.   This Court has jurisdiction over this case because the amount placed in

11  controversy by Plaintiff's alleged claims for penalties plainly exceeds $75,000,

12  exclusive of interests and costs.  28 U.S.C. § 1332(a).

13      27.   In a blatant attempt to plead around the federal jurisdictional minimum,

14  Plaintiff alleges in her FAC that "[t]he amount in controversy for Plaintiff, including

15  claims for civil penalties and pro rata share of attorneys' fees, is less than seventy-five

16  thousand dollars ($75,000)."  (*See* FAC ¶ 2.)  Were Plaintiff permitted to unilaterally

17  and conclusively evade removal with a simple one-line allegation that less than

18  $75,000 is at issue in the case, such transparent tactics would completely undermine

19  the removability of nearly every case.   To the contrary, courts have found that

20  statements such as those contained in Plaintiff's FAC do nothing more than create a

21  rebuttable presumption the case places less than the jurisdictional minimum in

22  controversy.

23      28.   In *Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994 (9th

24  Cir. 2007), the Ninth Circuit eschewed the district court's finding that it was bound by

25  the Complaint "unless plaintiff's prayer is determined to have been made in bad

26  faith," and instead adopted the "legal certainty" test.[2]  The court announced that

---

[2]   Although the Ninth Circuit applies the "legal certainty" standard, JCPenney expressly does not concede that the propriety of this test, and indeed, other Circuit

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

7.

"[w]here the plaintiff has alleged her facts and pled her damages, and there is no evidence of bad faith," a defendant need only "overcome the presumption against federal jurisdiction." *Id.* at 999.

29.   JCPenney can establish the amount in controversy by relying upon the allegations in the FAC, and by setting forth facts in the Notice of Removal that demonstrate that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("[T]he amount in controversy . . . may be established either from the viewpoint of the plaintiff or the viewpoint of the defendant."). Further, the Court properly considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations, in assessing the amount in controversy. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

30.   In measuring the amount in controversy, the Court must assume that the allegations of the FAC are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in her FAC. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's FAC, and not how much, if anything,

---

Courts across the country apply markedly varying and different standards. *See, e.g.*, *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) (applying "preponderance of evidence" standard to establish amount in controversy, even where plaintiff conclusorily pleads less than jurisdictional amount); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (finding the plaintiff's disclaimer as to damages had "no legal effect"); *Smith v. Nationwide Property & Casualty Ins. Co.*, 505 F.3d 401, 407-08 (6th Cir. 2007) (holding a plaintiff's damages "disclaimer" does not alter defendant's burden of establishing it is "more likely than not" that damages exceed the jurisdictional minimum); *Morgan v. Gay*, 471 F.3d 469, (3d Cir. 2006) (applying "legal certainty" standard, but finding that plaintiff cannot then recover damages in excess of their pleading allegations). Nevertheless, even applying the "legal certainty" standard crafted by the Ninth Circuit, JCPenney can and does establish the requisite "amount in controversy" in order to establish jurisdiction under CAFA, as set forth more fully herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA. 90067 3107
310 553 0308

8.

JCPenney will actually owe. *Rippee*, 408 F. Supp. 2d at 986; *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

31.    JCPenney denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based and the alleged claims for monetary and other relief that flow therefrom. However, for purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is readily apparent, to a legal certainty, that the amount of PAGA penalties Plaintiff seeks on behalf of "aggrieved employees" exceeds the jurisdictional minimum of $75,000.

32.    In her FAC, Plaintiff asserts one claim for relief pursuant to California Labor Code § 1198 and California Code of Regulations, Title 8, section 11070(14), based on JCPenney's alleged failure to provide seating. In connection therewith, Plaintiff seeks to recover civil penalties under PAGA on behalf of all "aggrieved employees," as defined in her FAC.

33.    **PAGA Penalties For Alleged Seating Violations.**   Plaintiff's claim seeks relief pursuant to the Private Attorneys General Act ("PAGA"), which provides for civil penalties for Labor Code violations for which a civil penalty is not otherwise expressly provided. CAL. LABOR CODE § 2699.3, *et seq.* Specifically, PAGA provides for a civil penalty of $100 for each aggrieved employee per pay period for an initial violation, and $200 for each aggrieved employee for each subsequent violation. *Id.* § 2699(f)(2). The statute of limitations for PAGA claims is one year. *See* CAL. CIV. PROC. CODE § 340(a); *see also Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007).

34.    The Eastern District of California recently confirmed that, in assessing the amount in controversy in a "non-class representative PAGA action," the Court

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

9.

1    properly considers the "aggregation of all PAGA penalties sought by the named

2    plaintiff and the group of aggrieved employees on whose behalf Plaintiff brings suit."

3    *Thomas v. Aetna Health of Cal., Inc.*, 2011 U.S. Dist. LEXIS 59377, at *26 (E.D. Cal.

4    June 2, 2011).   Therein, the court expressly rejected the argument that the named

5    plaintiff must satisfy the amount in controversy exclusively based on his/her potential

6    PAGA penalties alone.  *Id.*  Rather, the *Thomas* court confirmed that "the amount at

7    stake in a PAGA claim is predicated on the ***total amount of the penalties*** that can be

8    sought by the aggrieved employees as the proxy of the LWDA." *Id.* at *58 (emphasis

9    in original).

10         35.    The *Thomas* court's reasoning was based on the fact that Labor Code

11   section 2699(a) "requires that PAGA actions be brought in a representative form on

12   behalf of all aggrieved employee." *Id.* at *51 (citing *Machado v. M.A.T. & Sons

13   Landscape, Inc.*. 2009 U.S. Dist. LEXIS 63414, at *2-3 (E.D. Cal. July 23, 2009).  In

14   other words, "aggrieved employees are deputized to step into the shoes of the LWDA

15   an pursue its interests in enforcement of the Labor Code," and thus, "[p]rivate PAGA

16   plaintiffs' interests are only tangential and derivative of the LWDA." *Id.* at *53-54.

17   The court concluded:

18              In sum, ***a PAGA claim is common and undivided*** because
                the right to pursue the action derives solely from the
19              LWDA's interest in enforcement of the Labor Code.
                ***Aggrieved employees have no right to seek any individual***
20              ***recovery under PAGA*** and are precluded from bringing
                repeated PAGA suits.  As a result, aggrieved employees
21              have no separate and individual rights to pursue under
                PAGA that would transform it from a law enforcement
22              action that furthers the interests of the LWDA into a myriad
                of separate and distinct claims of the aggrieved employees.

23   *Id.* at *57-58 (emphasis added).[3]

24   ─────────────────────────────────────────

25   [3]     In light of this conclusion, the *Thomas* court determined that a claim for PAGA
     penalties is subject to the "common and undivided interest" exception to the anti-
26   aggregation rule in determining the amount in controversy. *Thomas*, 2011 U.S. Dist.
     LEXIS 59377, at *46-58 (relying on *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 546
27   (9th Cir. 1985).  Accordingly, the court examined the aggregate amount of the PAGA
     penalties sought by aggrieved employees to determine the amount in controversy
28   under 28 U.S.C. § 1332(a).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553.0308                                      10.

36.     Against this backdrop, it is clear that aggregate amount of penalties Plaintiff seeks on behalf of aggrieved employees readily exceeds the $75,000 jurisdiction threshold under 28 U.S.C. § 1332(a).

37.     Jones' FAC defines "aggrieved employees" as "Sales Associates/Cashiers." (FAC ¶ 16.) JCPenney estimates that there are approximately 7,360 individuals that comprise the "aggrieved employees" Plaintiff seeks to represent herein.[4]    Nevertheless, for purposes of assessing the amount in controversy in connection with removal, JCPenney conservatively examines only those potential class members who were continuously employed throughout calendar year 2010. Of the approximately 7,360 "aggrieved employees," there are at least 3,554 individuals who were employed by JCPenney throughout this entire one-year period from January through December 2010. (Wilson Decl. ¶ 6.)

38.     JCPenney pays its California Customer Service Associates—the "aggrieved employees" Plaintiff seeks to represent—every two (2) weeks, resulting in 26 pay periods per year. (Wilson Decl. ¶ 5.) Using an extremely conservative estimate, if each of these 3,554 individuals suffered a seating violation (as Plaintiff contends) in only *one pay period* during that year-long period, this would result in aggregated PAGA penalties of **$355,400.** ($355,400 = 3,554 x $100). *See* CAL. LABOR CODE § 2699(f)(2) (providing for a penalty of $100 "for each aggrieved employee per pay period for the initial violation").

39.     Under Labor Code section 2699.3, any penalties recovered for alleged Labor Code violations are distributed as follows: 75% to the LWDA and 25% to the aggrieved employees. CAL. LABOR CODE § 2699(j). Even considering only 25% of the overall penalties of the fraction of the "aggrieved employees" Plaintiff seeks to

---

[4]     While Plaintiff technically asserts her claims on behalf of "cashiers" and "salespersons," JCPenney does not employ any individuals in California with such a title. However, because JCPenney's "Customer Service Associates" perform cashier and salesperson responsibilities—and because this constitutes the closest actual position to what Plaintiff alleges—JCPenney relied upon information and data regarding Customer Service Associates in calculating the amount in controversy.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553.0308

1  represent, this amounts to more than **$88,850** in potential penalties under PAGA.

2  ($88,850 = $335,400 x 25%).

3        40.    Moreover, even assuming just two (2) alleged seating violations per

4  aggrieved employee during this entire one year period, this figure results in

5  aggregated PAGA penalties of $1,066,200—with the aggrieved employees' 25%

6  share amounting to more than **$266,550.**   ($1,066,200 = (3,554 x $100 for first

7  violation) + (3,554 x $200 for second violation)).

8        41.    Of course, this figure does not include those putative class members who

9  were employed during a part of that year (January through December 2010), but not

10  the entire year.  If Plaintiff prevails on her alleged claims, these additional employees

11  might also be entitled to penalties under PAGA, which would only serve to increase

12  the amount in controversy.  Thus, JCPenney's estimate as to the potential penalties

13  placed in controversy by Plaintiff's alleged PAGA claim is indisputably a remarkably

14  conservative figure.[5]

15

16

_____

17  [5]    In reality, Plaintiff's conclusory allegations in her FAC suggest that this figure
should be substantially greater in assessing the amount in controversy.  In this regard,

18  her FAC generally alleges that "[she] and aggrieved employees were not permitted to

19  sit, even if they were not engaged in active duties.  They were not permitted to sit,
even when it would not interfere with the performance of their duties, nor were they

20  provided with suitable seats."  (FAC ¶ 32.)  To this end, JCPenney's policies and/or
practices with respect to seating for its California Customer Service Associates have

21  remained unchanged from January through December 2010—the relevant period
assessed by JCPenney in calculating the amount in controversy for removal.

22  (Declaration of Kelly Harris in Support of Opposition to Motion for Remand ("Harris
Decl.") ¶ 3.)  Thus, to the extent that Jones and the "similarly situated" employees she

23  seeks to represent are entitled to penalties for seating violations (as she contends),
those seating violations would ostensibly have occurred on each and every shift those

24  employees worked.

25        Thus, assuming an alleged violation during every pay period that an "aggrieved
employee" worked, this amounts to $5,100 per employee during the entire period from

26  January through December 2010.  ($100 x 1 for the first violation per employee, plus
$200 x 25 for each subsequent violation.)  Thus, the total potential recovery of

27  penalties for these individuals, based on Plaintiff's allegations, amounts to at least

28  **$18,125,400**, 25% of which equals $4,531,350.  ($18,125,400= 3,554 x $5,100).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

42.   Furthermore, the Court may consider the attorneys' fees that Plaintiff seeks to recover pursuant to Labor Code Sections 1194(a) and other statutory authority, in determining whether the amount in controversy has been satisfied. (*See* Compl., Prayer for Relief.) *See, e.g., Bell v. Preferred Life,* 320 U.S. 238 (1943); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (properly including prayer for attorneys' fees in determining amount in controversy where potentially recoverable by statute); *Goldberg v. C.P.C Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken into account to determine jurisdictional amounts).

43.   Accordingly, although JCPenney fully denies Plaintiff's claims of wrongdoing as alleged in her FAC, it is apparent—even assessing only a fraction of the so-called "aggrieved employees" Plaintiff seeks to represent, and even assuming only a single seating violation as to that fraction of employees—that the amount placed in controversy by Plaintiff's alleged claims readily exceeds the $75,000 threshold requirement to a legal certainty. 28 U.S.C. § 1332(a).

### NOTICE TO PLAINTIFF AND STATE COURT

44.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Initiative Legal Group, APC, and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles Superior Court.

Dated:   July 8, 2011

Respectfully submitted,

JULIE A. DUNNE
DOMINIC J. MESSIHA
MATTHEW J. SHARBAUGH
LITTLER MENDELSON, P.C.
Attorneys for Defendants
J.C. PENNEY COMPANY, INC. and
J.C. PENNEY CORPORATION, INC.

Firmwide:102330761.4 064615.1006

# EXHIBIT A

Mark P. Estrella (SBN 187091)
MEstrella@InitiativeLegal.com
David M. Medby (SBN 227401)
DMedby@InitiativeLegal.com
Sue J. Kim (SBN 256392)
Skim@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Alyssa Jones

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 23 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Nancy Alvarez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ALYSSA JONES, individually, and on behalf of other members of the general public similarly situated, | Case No.: **BC451823** |
| Plaintiff, | **CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** |
| vs. | |
| J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | (1)   Violation of California Labor Code § 1198 and California Code of Regulations, Title 8, section 11070(14) (Failure to Provide Seating) |
| Defendants. | **Jury Trial Demanded** |

CIT/CASE: BC451823 LEA/DEFN:
RECEIPT #: CCH451233043
DATE PAID: 12/23/10 03:06:05 PM
PAYMENT: $395.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:           395.00
                0310

1  Plaintiff Alyssa Jones, individually and on behalf of all other members of the public
2  similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

4  1.  This Court has jurisdiction over this action pursuant to the California
5  Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all
6  causes except those given by statute to other courts." The statutes under which this action is
7  brought do not specify any other basis for jurisdiction.

8  2.  The amount in controversy for Plaintiff, including claims for civil penalties and
9  pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000). Plaintiff
10  also alleges, upon information and belief, that the aggregate amount in controversy for this
11  action, including civil penalties and attorneys' fees requested by Plaintiff, is less than five
12  million dollars ($5,000,000), exclusive of interests and costs.

13  3.  This Court has jurisdiction over the Defendants because, upon information and
14  belief, Defendants are either citizens of California, have sufficient minimum contacts in
15  California, or otherwise intentionally avail themselves of the California market so as to render
16  the exercise of jurisdiction over them by the California courts consistent with traditional notions
17  of fair play and substantial justice.

18  4.  Venue is proper in this Court because, upon information and belief, the named
19  Defendants reside, transact business, or have offices in this county and the acts and omissions
20  alleged herein took place in this county.

21  5.  California Labor Code sections 2699 et seq., the "Labor Code Private Attorneys
22  General Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil
23  penalties under the California Labor Code.

24  6.  Plaintiff timely provided notice on December 17, 2010 to the California Labor
25  and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California
26  Labor Code section 2699.3(a).

**THE PARTIES**

28  7.  Plaintiff ALYSSA JONES is a resident of Los Angeles County, California.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

8.     Defendant J. C. PENNEY CORPORATION, INC., was and is, upon information and belief, a Delaware corporation and an employer whose employees are engaged throughout this county, the State of California and the various states of the United States of America.

9.     Defendant J. C. PENNEY COMPANY, INC., was and is, upon information and belief, a Delaware corporation and an employer whose employees are engaged throughout this county, the State of California and the various states of the United States of America.

10.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

11.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of J. C. PENNEY CORPORATION, INC. and/or J. C. PENNEY COMPANY, INC.

12.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, J. C. PENNEY CORPORATION, INC., J. C. PENNEY COMPANY, INC., and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

13.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## GENERAL ALLEGATIONS

15.     At all relevant times set forth, Defendants employed Plaintiff and other persons as non-exempt or hourly employees.

16.     Defendants employed Plaintiff from November 2007 to January 2008, and again from November 2009 to December 2009, as a "Sales Associate / Cashier," a non-exempt or hourly paid position, at their Lakewood store location in Los Angeles County, California.

17.     Defendants continue to employ other non-exempt or hourly employees within California and throughout the United States.

18.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

19.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties.

20.     At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

21.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

22.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

23.     Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

24.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a) The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b) The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

25. On December 17, 2010, Plaintiff provided written notice by certified mail to the LWDA and to Defendants J. C. PENNEY CORPORATION, INC. and J. C. PENNEY COMPANY, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

26. Plaintiff will have satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants J. C. PENNEY CORPORATION, INC. and J. C. PENNEY COMPANY, INC., in addition to other remedies, for violations of California Labor Code section 1198.

///

///

///

///

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# FIRST CAUSE OF ACTION

## Violation of California Labor Code § 1198

## and California Code of Regulations, Title 8, section 11070(14) – Failure to Provide

## Seating

## (Against All Defendants)

27.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 26.

28.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.

29.     California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

30.     California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

31.     California Code of Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

32.     Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14) because Plaintiff and aggrieved employees were not permitted to sit, even if they were not engaged in active duties.  They were not permitted to sit, even when it would not interfere with the performance of their duties, nor were they provided with suitable seats.

33.     Plaintiff and aggrieved employees are entitled to recover all remedies available for violations of California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14).

34.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

### REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury.

### PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.     For damages, restitution and penalties in excess of twenty-five thousand dollars ($25,000) but not to exceed five million dollars ($5,000,000).

### As to the First Cause of Action

2.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14) by failing to allow Plaintiff and aggrieved employees to sit if they were not engaged in active duties and failing to provide Plaintiff and aggrieved employees with suitable seats;

3.     For all actual, consequential and incidental losses and damages, according to proof;

4.     For civil penalties pursuant to California Labor Code sections 2699(f) and (g), 2699.3, and 2699.5, in the amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198; and

///
///
///

1       5.      For such other and further relief as the Court may deem equitable and

2 appropriate.

3

4 Dated:  December 23, 2010              Respectfully submitted,

5                                      Initiative Legal Group APC

6

7                  By: _____

8                               Mark P. Estrella
                                David M. Medby

9                                 Sue J. Kim

10                                 Attorneys for Plaintiff Alyssa Jones

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

12-/23.716

COMPLAINT

EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
02/18/2011
CT Log Number 518064197

**TO:**  Irma Gonzalez
J. C. Penney Corporation, Inc.
6501 Legacy Drive, MS 1117
Plano, TX 75024

**RE:**  Process Served in California

**FOR:**  J. C. Penney Company, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Alyss Jones, individually, and on behalf of other members of the general public similarly situated, Pltf. vs. J.C. Penney Corporation, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Class Action Complaint, Notice of Case Assignment, Information Package, Complaint, Cover Sheet, Addendum, Notice of Entry of Order, Notice of Case Management Conference |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Central District, CA<br>Case # BC451823 |
| **NATURE OF ACTION:** | Violation of the California Labor Code - Failure to provide seating |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/18/2011 at 09:56 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after summons // April 8, 2011 at 8:30 a.m. - Conference |
| **ATTORNEY(S) / SENDER(S):** | Mark P. Estrella<br>Initiative Legal Group APC<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA 90067<br>310-556-55637 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/18/2011, Expected Purge Date: 02/23/2011<br>Image SOP<br>Email Notification, Angie Jensen AJENS1@JCPENNEY.COM<br>Email Notification, Irma Gonzalez igonz3@jcpenney.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / WT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

9:56 Am

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<div style="float:right; border:1px solid;">

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 23 2010

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy

</div>

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):

J. C. PENNEY CORPORATION, INC., a Delaware Corporation;
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

ALYSSA JONES, individually, Additional Parties Attachment form is
attached.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Los Angeles - Central<br><br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER<br>(Número del Caso): **B C 4 5 1 8 2 3** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Initiative Legal Group APC, 1800 Century Park East, 2nd Floor, Los Angeles, CA 90067

NANCY ALVAREZ

DATE: December 23, 2010          JOHN A. CLARKE Clerk, by _____, Deputy
(Fecha)                          (Secretario)                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): J. C. Penney Company, Inc., a Delaware Corpora

   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL: DEC 23 2010]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jones v. J.C. Penney Corporation, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

ALYSSA JONES, individually, and on behalf of other members of the general public similarly situated.

THE NAME, ADDRESS, AND TELEPHONE NUMBER OF PLAINTIFF'S ATTORNEY IS:
Initiative Legal Group, APC
Mark Estrella, Esq. (SBN 187091)
David M. Medby, Esq. (SBN 227401)
Sue J. Kim, Esq. (SBN 256392)
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

Tel: 310-556-5637
Fax: 310-861-9051

Page  2  of  3

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jones v. J.C. Penney Corporation, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

J. C. PENNEY CORPORATION, INC., a Delaware Corporation; J. C. PENNEY COMPANY, INC., a Delaware Corporation; and DOES 1 through 10, inclusive.

Page   3   of   3

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

1    Mark P. Estrella (SBN 187091)
      MEstrella@InitiativeLegal.com

2    David M. Medby (SBN 227401)
      DMedby@InitiativeLegal.com

3    Sue J. Kim (SBN 256392)
      Skim@InitiativeLegal.com

4    Initiative Legal Group APC
      1800 Century Park East, 2nd Floor

5    Los Angeles, California 90067
      Telephone:  (310) 556-5637

6    Facsimile:  (310) 861-9051

7    Attorneys for Plaintiff Alyssa Jones

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 27 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10

11   ALYSSA JONES, individually, and on
      behalf of other members of the general

12   public similarly situated,

13             Plaintiff,

14       vs.

15   J. C. PENNEY CORPORATION, INC., a
      Delaware Corporation; J. C. PENNEY

16   COMPANY, INC., a Delaware
      Corporation; and DOES 1 through 10,

17   inclusive,

18           Defendants.

19

Case No.: BC451823

**FIRST AMENDED CLASS ACTION
COMPLAINT & ENFORCEMENT UNDER
THE PRIVATE ATTORNEYS GENERAL
ACT, CALIFORNIA LABOR CODE §§ 2698
ET SEQ.**

(1)  Violation of California Labor Code § 1198
      and California Code of Regulations, Title 8,
      section 11070(14) (Failure to Provide
      Seating)

**Jury Trial Demanded**

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

BY FAX

FIRST AMENDED COMPLAINT

1    Plaintiff Alyssa Jones, individually and on behalf of all other members of the public

2    similarly situated, alleges as follows:

3    **JURISDICTION AND VENUE**

4    1.    This Court has jurisdiction over this action pursuant to the California

5    Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all

6    causes except those given by statute to other courts." The statutes under which this action is

7    brought do not specify any other basis for jurisdiction.

8    2.    The amount in controversy for Plaintiff, including claims for civil penalties and

9    pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000). Plaintiff

10   also alleges, upon information and belief, that the aggregate amount in controversy for this

11   action, including civil penalties and attorneys' fees requested by Plaintiff, is less than five

12   million dollars ($5,000,000), exclusive of interests and costs.

13   3.    This Court has jurisdiction over the Defendants because, upon information and

14   belief, Defendants are either citizens of California, have sufficient minimum contacts in

15   California, or otherwise intentionally avail themselves of the California market so as to render

16   the exercise of jurisdiction over them by the California courts consistent with traditional notions

17   of fair play and substantial justice.

18   4.    Venue is proper in this Court because, upon information and belief, the named

19   Defendants reside, transact business, or have offices in this county and the acts and omissions

20   alleged herein took place in this county.

21   5.    California Labor Code sections 2699 et seq., the "Labor Code Private Attorneys

22   General Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil

23   penalties under the California Labor Code.

24   6.    Plaintiff timely provided notice on December 17, 2010 to the California Labor

25   and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California

26   Labor Code section 2699.3(a).

27   **THE PARTIES**

28   7.    Plaintiff ALYSSA JONES is a resident of Los Angeles County, California.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 1

8.     Defendant J. C. PENNEY CORPORATION, INC., was and is, upon information and belief, a Delaware corporation and an employer whose employees are engaged throughout this county, the State of California and the various states of the United States of America.

9.     Defendant J. C. PENNEY COMPANY, INC., was and is, upon information and belief, a Delaware corporation and an employer whose employees are engaged throughout this county, the State of California and the various states of the United States of America.

10.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

11.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of J. C. PENNEY CORPORATION, INC. and/or J. C. PENNEY COMPANY, INC.

12.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, J. C. PENNEY CORPORATION, INC., J. C. PENNEY COMPANY, INC., and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

13.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

14.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## GENERAL ALLEGATIONS

15.     At all relevant times set forth, Defendants employed Plaintiff and other persons as non-exempt or hourly employees.

INITIATIVE LEGAL GROUP APC
1880 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

16. Defendants employed Plaintiff from November 2007 to January 2008, and again from November 2009 to December 2009, as a "Sales Associate / Cashier," a non-exempt or hourly paid position, at their Lakewood store location in Los Angeles County, California.

17. Defendants continue to employ other non-exempt or hourly employees within California and throughout the United States.

18. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties.

20. At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

21. At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

22. Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

23. Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

24. Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

FIRST AMENDED COMPLAINT

1  employee, including Plaintiff, may pursue a civil action arising under PAGA after the following

2  requirements have been met:

    (a)    The aggrieved employee shall give written notice by certified mail

             (hereinafter "Employee's Notice") to the LWDA and the employer of

             the specific provisions of the California Labor Code alleged to have

             been violated, including the facts and theories to support the alleged

             violations.

    (b)    The LWDA shall provide notice (hereinafter "LWDA Notice") to the

             employer and the aggrieved employee by certified mail that it does not

             intend to investigate the alleged violation within thirty (30) calendar

             days of the postmark date of the Employee's Notice.  Upon receipt of

             the LWDA Notice, or if the LWDA Notice is not provided within thirty-

             three (33) calendar days of the postmark date of the Employee's Notice,

             the aggrieved employee may commence a civil action pursuant to

             California Labor Code section 2699 to recover civil penalties in addition

             to any other penalties to which the employee may be entitled.

    25.    On December 17, 2010, Plaintiff provided written notice by certified mail to the

LWDA and to Defendants J. C. PENNEY CORPORATION, INC. and J. C. PENNEY

COMPANY, INC. of the specific provisions of the California Labor Code alleged to have been

violated, including the facts and theories to support the alleged violations.

    26.    Plaintiff has satisfied the administrative prerequisites under California Labor

Code section 2699.3(a) to recover civil penalties against Defendants J. C. PENNEY

CORPORATION, INC. and J. C. PENNEY COMPANY, INC., in addition to other remedies,

for violations of California Labor Code section 1198.

///

///

///

///

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# FIRST CAUSE OF ACTION

## Violation of California Labor Code § 1198

### and California Code of Regulations, Title 8, section 11070(14) – Failure to Provide Seating

### (Against All Defendants)

27.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 26.

28.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.

29.    California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

30.    California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

31.    California Code of Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

32.    Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14) because Plaintiff and aggrieved employees were not permitted to sit, even if they were not engaged in active duties. They were not permitted to sit, even when it would not interfere with the performance of their duties, nor were they provided with suitable seats.

33.    Plaintiff and aggrieved employees are entitled to recover all remedies available for violations of California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14).

FIRST AMENDED COMPLAINT

34.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiff and other aggrieved employees are entitled to recover civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.     For damages, restitution and penalties in excess of twenty-five thousand dollars ($25,000) but not to exceed five million dollars ($5,000,000).

### As to the First Cause of Action

2.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14) by failing to allow Plaintiff and aggrieved employees to sit if they were not engaged in active duties and failing to provide Plaintiff and aggrieved employees with suitable seats;

3.     For all actual, consequential and incidental losses and damages, according to proof;

4.     For civil penalties pursuant to California Labor Code sections 2699(f) and (g), 2699.3, and 2699.5, in the amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198; and

///

///

///

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1      5.      For such other and further relief as the Court may deem equitable and

2   appropriate.

3

4   Dated:  January 27, 2011                          Respectfully submitted,

5                                                     Initiative Legal Group APC

6

7                                          By: _____

8                                                     Mark P. Estrella
                                                      David M. Medby
9                                                     Sue J. Kim

10                                                    Attorneys for Plaintiff Alyssa Jones

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

# EXHIBIT C

NOTICE SENT TO:

Estrella, Mark P., Esq.
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles          CA   90067

**FILED**
LOS ANGELES SUPERIOR COURT
FILE STAMP

JAN 05 2011

JOHN A. CLARKE, CLERK
*Aracli Rodriguez*
BY ARACELI RODRIGUEZ, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| ALYSSA JONES | Plaintiff(s), | BC451823 |
| VS. | | |
| J C PENNEY CORPORATION INC ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for __April 8, 2011__ at __8:30 am__ in __Dept. 47__ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: __January 5, 2011__

*Debra Katz Weintraub*
Judicial Officer
DEBRE KATZ WEINTRAUB

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: __January 5, 2011__

John A. Clarke, Executive Officer/Clerk

by __*Aracli Rodriguez*__, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

# EXHIBIT D

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order GRANTING Plaintiff's motion to remand**

Pending before the Court is Plaintiff Alyssa Jones's ("Plaintiff") motion to remand to state court. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.   After reviewing the papers submitted in support of and in opposition to these motions, the Court GRANTS Plaintiff's motion and REMANDS the case to Los Angeles Superior Court.

I.     Background

Plaintiff worked for J.C. Penney as a Sales Associate/Cashier from November 2007 to January 2008, and again from November 2009 to December 2009. *FAC* ¶ 16 (Dkt. # 1, Ex. B (Mar. 18, 2011)).  On December 23, 2010, she filed a complaint against Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. (collectively, "J.C. Penney" or "Defendants") in Los Angeles Superior Court, asserting one cause of action pursuant to California's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2699 *et seq.*[1] *See Compl.* (Dkt. # 1, Ex. A

---

[1] PAGA allows "aggrieved employees" to act as private attorneys general by bringing claims for civil penalties against employers for violations of California's Labor Code.  Cal. Lab.Code § 2699(a). Seventy-five percent of any funds recovered go to the Labor and Workforce Development Agency ("LWDA") and the remaining twenty-five percent go to the aggrieved employees.  *Id.* § 2699(i). A PAGA claim does not preclude "an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

(Mar. 18, 2011)). Specifically, the Complaint alleged that J.C. Penney violated Section 1198 of the California Labor Code and Title 8, Section 11070(14) of the California Code of Regulations by refusing to permit Plaintiff and similarly situated aggrieved employees to sit, "even if they were not engaged in active duties." *Id.* ¶¶ 27-34. It further asserts that J.C. Penney failed to provide suitable seating in violation of California law. *Id.* ¶ 32. One month later, on January 27, 2011, Plaintiff filed an amended pleading in state court. Both the amended pleading and Plaintiff's initial complaint were captioned "Class Action Complaint." *See* Dkt. # 1, Exs. A,B (Mar. 18, 2011).

On March 18, 2011, J.C. Penney removed the case to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), asserting that diversity of citizenship exists between the parties and that the amount placed in controversy by Plaintiff's amended complaint was at least $18 million. *Id.* Plaintiff subsequently filed this motion to remand.

II.  Legal Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 679-80 (9th Cir. 2006). Under CAFA, a defendant may remove a putative class action to federal court if the citizenship of the defendant and at least one member of the plaintiff class are diverse, and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

There is a strong presumption against removal jurisdiction, and the party seeking removal has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *Id.; see also Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM, 2008 WL 4447678, at *4 (C.D. Cal., Sept. 30, 2008). This is true even where CAFA provides the basis for removal. *Abrego Abrego*,

with an action taken under this part." *Id.* § 2699(g)(1).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

443 F. 3d at 685 (noting that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

III.   Discussion

In moving to remand, Plaintiff challenges two aspects of federal jurisdiction under CAFA. First, she argues that CAFA is inapplicable because this case is a "representative enforcement action" under PAGA, as opposed to a "class action" under federal or state law. Alternatively, Plaintiff contends that even if CAFA did apply, J.C. Penney failed to meet its burden of establishing that the total amount in controversy exceeds $5 million exclusive of interest and costs.

A.   Whether This Case Is Removable Under CAFA

As previously noted, J.C. Penney removed this case pursuant to CAFA, which provides federal courts original jurisdiction over class actions involving at least 100 potential class members, an amount in controversy that exceeds $5,000,000, and diversity between at least one member of the plaintiff class and any defendant. 28 U.S.C. § 1132(d)(2)(A), (d)(5)(B). CAFA specifically defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

Plaintiff argues that the Court lacks jurisdiction under CAFA because, according to Plaintiff, this case is not a "class action," but rather is a representative action under PAGA. As such, Plaintiff contends that CAFA is inapplicable and that removal under CAFA was accordingly improper. J.C. Penney, in response, challenges both the factual and legal bases for this contention. First, it disputes Plaintiff's characterization of the pleadings, pointing out that both the original and amended complaints were titled "Class Action Complaint." Additionally, it maintains that the Court has jurisdiction regardless of the label on Plaintiff's complaint because Plaintiff's representative claim under PAGA is subject to Federal Rule of Civil Procedure 23, and therefore falls within the ambit of CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(1)(B). For the following reasons, however, the Court disagrees with J.C. Penney's contentions and finds that remand is warranted.

1.   *Whether This Action Is A Representative Enforcement Action Under PAGA*

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date: | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

First, the Court will address a threshold factual dispute raised by J.C. Penney in opposing Plaintiff's motion. Plaintiff maintains that this action is not a class action, but rather is a representative action for civil penalties, brought under California's Private Attorney General Act, California Labor Code section 2698 et seq. ("PAGA"). J.C. Penney contests this assertion, pointing out that both Plaintiff's original Complaint and her First Amended Complaint were labeled "Class Action Complaint." *Opp'n* 5:1-9. J.C. Penney further points to (1) Plaintiff's assertion of her claim on behalf of herself and "all other members of the public similarly situated," and (2) Plaintiff's "transparent attempt to avoid CAFA jurisdiction by alleging—in two separate places—that the total amount in controversy was less than $5 million" as evidence of the "class-wide" nature of this action. *Opp'n* 5:10-15 (citing *Compl.* ¶ 2, *Prayer* ¶ 1).

Although J.C. Penney's position – that a pleading labeled a "class action" on two separate occasions is, for purpose of removal, a class action – is understandable, it nonetheless does not carry the day. Plaintiff's counsel averred that the pleadings were labeled a "class action" in error, thereby undermining J.C. Penney's argument significantly. *See Estrella Decl.* ¶¶ 2-3. Further, J.C. Penney offers no authority for proposition that the designation of a claim on the caption of a pleading can be viewed as determinative of the nature of the action for either substantive or procedural purposes. In fact, the only authority of which the Court is aware indicates that "the designation of the nature of [an] action is primarily for the court's use for calendar control and statistical purposes [, and] does not affect or limit the claims pleaded or the relief that may be awarded." Weil & Brown, CAL. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2010) ¶ 6:32.

Even more fatal to J.C. Penney's position, though, is the absence of any meaningful allegations demonstrating the "class-action" nature of Plaintiff's claim. Neither the original or amended pleading use the word "class" (apart from the caption), nor allege any of the class action requirements, e.g., ascertainability, typicality,and predominance. It is also telling is that Plaintiff does not seek recovery of the compensatory and statutory damages typically attendant to a class action, but rather seeks only to recover civil penalties, pursuant to PAGA, for various violations of the California Labor Code. Lastly, the facts that Plaintiff asserts only one cause of action under PAGA, and repeatedly employs the term "aggrieved employees", which is consistent with an action brought under PAGA, indicate that this action is, as Plaintiff asserts, a representative enforcement action brought pursuant to PAGA.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

    2.    *Whether This Action Is Encompassed By CAFA's Definition Of "Class Action"*

    Having determined this case to be a representative enforcement action under PAGA, the Court turns to the salient legal issue presented by Plaintiff's motion, namely, whether a representative action under PAGA is considered a "class action" for purposes of CAFA or Rule 23. The Court is cognizant that, as other courts have also noted, the Ninth Circuit has yet to decide this question. *See McKenzie v. Federal Exp. Corp.*, No. CV 10–02420 GAF, 2011 WL 1757538, at *9 (C.D. Cal., Apr. 14, 2011). Recent decisions from federal district courts sitting in California, however, nonetheless bear directly on this inquiry. Particularly apposite is *Sample v. Big Lots Stores, Inc.*, No. C 10-03276 SBA, 2010 WL 4939992, *4-5 (N.D. Cal., Nov. 30, 2010), in which a district court remanded a PAGA "representative enforcement action" on grounds upon finding that removal under CAFA was improper. The plaintiff in *Sample* alleged wage and hour violations, claiming that the defendant stores had failed to provide her "and other aggrieved employees" with the meal and rest periods required by California law. *Id.* at *1. After the defendants removed the case to federal court under CAFA, the plaintiff moved to remand, raising essentially the same arguments as asserted herein: (1) that the action was a "representative enforcement action under PAGA" and not a "class action" under CAFA; and (2) that, alternatively, the defendants had failed to satisfy the minimum amount in controversy for CAFA actions. *Id.*

    The court, relying upon the California Supreme Court's opinion in *Arias v. Super Ct.,* 46 Cal. 4th 969, 95 Cal. Rptr. 3d 588, 209 P.3d 923, stressed that a "PAGA claim is fundamentally distinct in both purpose and effect from a class action." *Id.* at *3 (citing *Arias*, 46 Cal. 4th at 986). PAGA, it explained, was enacted "to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." *Id.* at *2 (citing *Arias*, 46 Cal. 4th at 980); *see also Dunlap v.Super. Ct.,* 142 Cal. App. 4th 330, 337, 47 Cal. Rptr. 3d 614 (2006) (citations omitted) (PAGA "empowers or deputizes an aggrieved employee to sue for civil penalties 'on behalf of himself or herself and other current or former employees'... as an alternative to [Agency] enforcement...."). The court further reasoned that, unlike a class action plaintiff who represents a class of employees, a plaintiff in PAGA claim acts "as the proxy or agent of the state's labor law enforcement agencies" with the goal of recovering civil penalties "that otherwise would have been assessed and collected by the Labor

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

Workforce Development Agency." *Sample,* 2010 WL 4939992, *2 (citing *Arias,* 46 Cal. 4th at 986). Thus, given the fundamental distinctions between a PAGA suit to recover civil penalties and a class action under CAFA, the *Sample* court concluded that "the action [does] not present the scenario that CAFA was intended to address; to wit, the litigation of a nationwide class action in a state court." *Id.* at *4. Accordingly, it remanded the case.

Like other federal district courts which have been presented with this issue, the Court finds the *Sample* opinion persuasive. *See, e.g., Zator v. Sprint/United Management Co.,* No. 09cv2577–LAB, 2011 WL 1168319, at *4 (S.D. Cal., Mar. 29, 2011) (noting that "another court in this Circuit has, after a very thorough analysis, rejected the argument that PAGA actions can be treated as class actions for purposes of CAFA...The Court is persuaded by the reasoning of *Sample,* and follows it.").

Conversely, the Court is not persuaded by J.C. Penney's contention that the case is nonetheless encompassed by CAFA because Plaintiff's representative PAGA claims must satisfy Federal Rule of Civil Procedure 23. This argument derives from the *Erie* doctrine, which dictates that federal law governs all procedural matters in federal court. *See Erie Railroad Co. V. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). J.C. Penney essentially posits that because federal procedural law governs this action under *Erie,* and because "Rule 23 automatically applies in all civil actions and proceedings in the United States district courts[,]" *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 130 S. Ct. 1431, 1438, 176 L. Ed. 2d 311 (2010)), Rule 23 therefore applies to this case. Further reasoning that because Rule 23 applies, the case is a "class action" within the meaning of CAFA, J.C. Penney thus concludes that federal jurisdiction is proper.

The Court, however, is not persuaded that the caselaw supports J.C. Penney's position that a plaintiff pursuing PAGA penalties in federal court must satisfy the requisites of Federal Rule 23. Not only does J.C. Penney fail to point to any controlling authority supporting this proposition, several federal district court decisions – as well as the California Supreme Court's decision in *Arias* – point to the contrary conclusion.[2] *See, e.g., Mendez v. Tween Brands, Inc.,*

---

[2] Neither of the two cases relied on by J.C. Penney, *Thompson v. APM Terminals Pac. Ltd.,* 2010 U.S. Dist.LEXIS 142537 (N.D. Cal. Aug. 26, 2010) and *Adams v. Luxottica U.S. Holdings Company,* 2009 U.S. Dist. LEXIS 130660 (C.D. Cal. Jul. 24, 2009), addressed the question of

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|----------|----------------------|------|--------------|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

No. 2:10-cv-00072-MC, 2010 WL 2650571, at *2 -3  (E.D. Cal., July 1, 2010) ("To find that PAGA creates a wholly procedural right, and that Rule 23 therefore applies, would be to ignore the intent of the legislature in passing the statute."); *Machado v. M.A.T. & Sons Landscape, Inc.*, No. 2:09-cv-00459 JAM, 2009 WL 2230788,  at *3 (E.D. Cal., July 29, 2009); *see also Arias v. Superior Court*, 46 Cal. 4th 969, 95 Cal. Rptr. 3d 588, 209 P.3d 923 (2009) (holding that PAGA claims need not satisfy class action requirements).[3]

IV.   <u>Conclusion</u>

Thus, based on the foregoing, the Court finds that this action is a representative action under PAGA, and that removal under CAFA was improper.  Accordingly, Plaintiff's motion to remand is GRANTED.

**IT IS SO ORDERED.**

---

whether removal under CAFA was proper, nor involved solely PAGA claims.  Accordingly, the Court does not find them persuasive.

[3] Because the Court concludes that CAFA is an inappropriate basis for removal, it need not reach the question of whether CAFA's amount-in-controversy requirement has been satisfied.  Further, as the Court lacks subject matter jurisdiction over this action, J.C. Penney's pending motion to dismiss is rendered moot.

## McDonald, J. Monique

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Friday, June 10, 2011 3:40 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:11-cv-02325-PSG -SH Alyssa Jones v. JC Penny Corporation Inc et al Order on Motion to Dismiss Case |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 6/10/2011 at 3:39 PM PDT and filed on 6/9/2011
**Case Name:**    Alyssa Jones v. JC Penny Corporation Inc et al
**Case Number:**   2:11-cv-02325-PSG -SH
**Filer:**
**WARNING: CASE CLOSED on 06/09/2011**
**Document Number:** 23

**Docket Text:**
**MINUTES: (In Chambers) Order GRANTING Plaintiffs motion to remand [16] IT IS SO ORDERED by Judge Philip S. Gutierrez (cc Copy of Minute Order, docket sheet and Letter of Remand sent to Los Angeles County Superior Court, BC451823) (MD JS-6. Case Terminated) (ir)**

**2:11-cv-02325-PSG -SH Notice has been electronically mailed to:**

David Michael Medby    dmedby@initiativelegal.com

Dominic John Messiha    dmessiha@littler.com, jmmcdonald@littler.com

Mark P Estrella    mestrella@initiativelegal.com

Sue Jin Kim    clee@initiativelegal.com, ctopdjian@initiativelegal.com, mprimo@initiativelegal.com, skim@initiativelegal.com

Matthew J Sharbaugh    mlozano@littler.com, msharbaugh@littler.com

Julie A Dunne    jdunne@littler.com

**2:11-cv-02325-PSG -SH Notice has been delivered by First Class U. S. Mail or by fax to: :**

EXHIBIT E

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 15 2011

John A. Clarke, Executive Officer/Clerk

By_____ Deputy
A. Hendrickson

O

#16
term #9
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-2325 PSG (SHx) *bc -451823* | Date | June 9, 2011 |
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):

Not Present

Attorneys Present for Defendant(s):

Not Present

**Proceedings:** **(In Chambers) Order GRANTING Plaintiff's motion to remand**

Pending before the Court is Plaintiff Alyssa Jones's ("Plaintiff") motion to remand to state court. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the papers submitted in support of and in opposition to these motions, the Court GRANTS Plaintiff's motion and REMANDS the case to Los Angeles Superior Court.

I.     Background

Plaintiff worked for J.C. Penney as a Sales Associate/Cashier from November 2007 to January 2008, and again from November 2009 to December 2009. *FAC* ¶ 16 (Dkt. # 1, Ex. B (Mar. 18, 2011)). On December 23, 2010, she filed a complaint against Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc. (collectively, "J.C. Penney" or "Defendants") in Los Angeles Superior Court, asserting one cause of action pursuant to California's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2699 *et seq.*[1] *See Compl.* (Dkt. # 1, Ex. A

---

[1] PAGA allows "aggrieved employees" to act as private attorneys general by bringing claims for civil penalties against employers for violations of California's Labor Code. Cal. Lab.Code § 2699(a). Seventy-five percent of any funds recovered go to the Labor and Workforce Development Agency ("LWDA") and the remaining twenty-five percent go to the aggrieved employees. *Id.* § 2699(i). A PAGA claim does not preclude "an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

(Mar. 18, 2011)). Specifically, the Complaint alleged that J.C. Penney violated Section 1198 of the California Labor Code and Title 8, Section 11070(14) of the California Code of Regulations by refusing to permit Plaintiff and similarly situated aggrieved employees to sit, "even if they were not engaged in active duties." *Id.* ¶¶ 27-34. It further asserts that J.C. Penney failed to provide suitable seating in violation of California law. *Id.* ¶ 32. One month later, on January 27, 2011, Plaintiff filed an amended pleading in state court. Both the amended pleading and Plaintiff's initial complaint were captioned "Class Action Complaint." *See* Dkt. # 1, Exs. A,B (Mar. 18, 2011).

On March 18, 2011, J.C. Penney removed the case to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), asserting that diversity of citizenship exists between the parties and that the amount placed in controversy by Plaintiff's amended complaint was at least $18 million. *Id.* Plaintiff subsequently filed this motion to remand.

II.   <u>Legal Standard</u>

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 679-80 (9th Cir. 2006). Under CAFA, a defendant may remove a putative class action to federal court if the citizenship of the defendant and at least one member of the plaintiff class are diverse, and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

There is a strong presumption against removal jurisdiction, and the party seeking removal has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *Id.*; *see also Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM, 2008 WL 4447678, at *4 (C.D. Cal., Sept. 30, 2008). This is true even where CAFA provides the basis for removal. *Abrego Abrego*,

with an action taken under this part." *Id.* § 2699(g)(1).

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

443 F. 3d at 685 (noting that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.").

III.    Discussion

        In moving to remand, Plaintiff challenges two aspects of federal jurisdiction under CAFA. First, she argues that CAFA is inapplicable because this case is a "representative enforcement action" under PAGA, as opposed to a "class action" under federal or state law. Alternatively, Plaintiff contends that even if CAFA did apply, J.C. Penney failed to meet its burden of establishing that the total amount in controversy exceeds $5 million exclusive of interest and costs.

        A.    Whether This Case Is Removable Under CAFA

        As previously noted, J.C. Penney removed this case pursuant to CAFA, which provides federal courts original jurisdiction over class actions involving at least 100 potential class members, an amount in controversy that exceeds $5,000,000, and diversity between at least one member of the plaintiff class and any defendant. 28 U.S.C. § 1132(d)(2)(A), (d)(5)(B). CAFA specifically defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

        Plaintiff argues that the Court lacks jurisdiction under CAFA because, according to Plaintiff, this case is not a "class action," but rather is a representative action under PAGA. As such, Plaintiff contends that CAFA is inapplicable and that removal under CAFA was accordingly improper. J.C. Penney, in response, challenges both the factual and legal bases for this contention. First, it disputes Plaintiff's characterization of the pleadings, pointing out that both the original and amended complaints were titled "Class Action Complaint." Additionally, it maintains that the Court has jurisdiction regardless of the label on Plaintiff's complaint because Plaintiff's representative claim under PAGA is subject to Federal Rule of Civil Procedure 23, and therefore falls within the ambit of CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(1)(B). For the following reasons, however, the Court disagrees with J.C. Penney's contentions and finds that remand is warranted.

        1.    *Whether This Action Is A Representative Enforcement Action Under PAGA*

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|

| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* |
|---|---|

     First, the Court will address a threshold factual dispute raised by J.C. Penney in opposing Plaintiff's motion.   Plaintiff maintains that this action is not a class action, but rather is a representative action for civil penalties, brought under California's Private Attorney General Act, California Labor Code section 2698 et seq. ("PAGA").   J.C. Penney contests this assertion, pointing out that both Plaintiff's original Complaint and her First Amended Complaint were labeled "Class Action Complaint."   *Opp'n* 5:1-9.   J.C. Penney further points to (1) Plaintiff's assertion of her claim on behalf of herself and "all other members of the public similarly situated," and (2) Plaintiff's "transparent attempt to avoid CAFA jurisdiction by alleging—in two separate places—that the total amount in controversy was less than $5 million" as evidence of the "class-wide" nature of this action.   *Opp'n* 5:10-15 (citing *Compl.* ¶ 2, *Prayer* ¶ 1).

     Although J.C. Penney's position – that a pleading labeled a "class action" on two separate occasions is, for purpose of removal, a class action – is understandable, it nonetheless does not carry the day.   Plaintiff's counsel averred that the pleadings were labeled a "class action" in error, thereby undermining J.C. Penney's argument significantly.   *See Estrella Decl.* ¶¶ 2-3.   Further, J.C. Penney offers no authority for proposition that the designation of a claim on the caption of a pleading can be viewed as determinative of the nature of the action for either substantive or procedural purposes.   In fact, the only authority of which the Court is aware indicates that "the designation of the nature of [an] action is primarily for the court's use for calendar control and statistical purposes [, and] does not affect or limit the claims pleaded or the relief that may be awarded."   Weil & Brown, CAL. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2010) ¶ 6:32.

     Even more fatal to J.C. Penney's position, though, is the absence of any meaningful allegations demonstrating the "class-action" nature of Plaintiff's claim.   Neither the original or amended pleading use the word "class" (apart from the caption), nor allege any of the class action requirements, e.g., ascertainability, typicality,and predominance.   It is also telling is that Plaintiff does not seek recovery of the compensatory and statutory damages typically attendant to a class action, but rather seeks only to recover civil penalties, pursuant to PAGA, for various violations of the California Labor Code.   Lastly, the facts that Plaintiff asserts only one cause of action under PAGA, and repeatedly employs the term "aggrieved employees", which is consistent with an action brought under PAGA, indicate that this action is, as Plaintiff asserts, a representative enforcement action brought pursuant to PAGA.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

2.    *Whether This Action Is Encompassed By CAFA's Definition Of "Class Action"*

Having determined this case to be a representative enforcement action under PAGA, the Court turns to the salient legal issue presented by Plaintiff's motion, namely, whether a representative action under PAGA is considered a "class action" for purposes of CAFA or Rule 23. The Court is cognizant that, as other courts have also noted, the Ninth Circuit has yet to decide this question. *See McKenzie v. Federal Exp. Corp.*, No. CV 10–02420 GAF, 2011 WL 1757538, at *9 (C.D. Cal., Apr. 14, 2011). Recent decisions from federal district courts sitting in California, however, nonetheless bear directly on this inquiry. Particularly apposite is *Sample v. Big Lots Stores, Inc.*, No. C 10-03276 SBA, 2010 WL 4939992, *4-5 (N.D. Cal., Nov. 30, 2010), in which a district court remanded a PAGA "representative enforcement action" on grounds upon finding that removal under CAFA was improper. The plaintiff in *Sample* alleged wage and hour violations, claiming that the defendant stores had failed to provide her "and other aggrieved employees" with the meal and rest periods required by California law. *Id.* at *1. After the defendants removed the case to federal court under CAFA, the plaintiff moved to remand, raising essentially the same arguments as asserted herein: (1) that the action was a "representative enforcement action under PAGA" and not a "class action" under CAFA; and (2) that, alternatively, the defendants had failed to satisfy the minimum amount in controversy for CAFA actions. *Id.*

The court, relying upon the California Supreme Court's opinion in *Arias v. Super Ct.*, 46 Cal. 4th 969, 95 Cal. Rptr. 3d 588, 209 P.3d 923, stressed that a "PAGA claim is fundamentally distinct in both purpose and effect from a class action." *Id.* at *3 (citing *Arias*, 46 Cal. 4th at 986). PAGA, it explained, was enacted "to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." *Id.* at *2 (citing *Arias*, 46 Cal. 4th at 980); *see also Dunlap v. Super. Ct.*, 142 Cal. App. 4th 330, 337, 47 Cal. Rptr. 3d 614 (2006) (citations omitted) (PAGA "empowers or deputizes an aggrieved employee to sue for civil penalties 'on behalf of himself or herself and other current or former employees'... as an alternative to [Agency] enforcement...."). The court further reasoned that, unlike a class action plaintiff who represents a class of employees, a plaintiff in PAGA claim acts "as the proxy or agent of the state's labor law enforcement agencies" with the goal of recovering civil penalties "that otherwise would have been assessed and collected by the Labor

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

Workforce Development Agency." *Sample,* 2010 WL 4939992, *2 (citing *Arias,* 46 Cal. 4th at 986). Thus, given the fundamental distinctions between a PAGA suit to recover civil penalties and a class action under CAFA, the *Sample* court concluded that "the action [does] not present the scenario that CAFA was intended to address; to wit, the litigation of a nationwide class action in a state court." *Id.* at *4. Accordingly, it remanded the case.

Like other federal district courts which have been presented with this issue, the Court finds the *Sample* opinion persuasive. *See, e.g., Zator v. Sprint/United Management Co.,* No. 09cv2577–LAB, 2011 WL 1168319, at *4 (S.D. Cal., Mar. 29, 2011) (noting that "another court in this Circuit has, after a very thorough analysis, rejected the argument that PAGA actions can be treated as class actions for purposes of CAFA…The Court is persuaded by the reasoning of *Sample,* and follows it.").

Conversely, the Court is not persuaded by J.C. Penney's contention that the case is nonetheless encompassed by CAFA because Plaintiff's representative PAGA claims must satisfy Federal Rule of Civil Procedure 23. This argument derives from the *Erie* doctrine, which dictates that federal law governs all procedural matters in federal court. *See Erie Railroad Co. V. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). J.C. Penney essentially posits that because federal procedural law governs this action under *Erie,* and because "Rule 23 automatically applies in all civil actions and proceedings in the United States district courts[,]" *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 130 S. Ct. 1431, 1438, 176 L. Ed. 2d 311 (2010)), Rule 23 therefore applies to this case. Further reasoning that because Rule 23 applies, the case is a "class action" within the meaning of CAFA, J.C. Penney thus concludes that federal jurisdiction is proper.

The Court, however, is not persuaded that the caselaw supports J.C. Penney's position that a plaintiff pursuing PAGA penalties in federal court must satisfy the requisites of Federal Rule 23. Not only does J.C. Penney fail to point to any controlling authority supporting this proposition, several federal district court decisions – as well as the California Supreme Court's decision in *Arias* – point to the contrary conclusion.[2] *See, e.g., Mendez v. Tween Brands, Inc.,*

[2] Neither of the two cases relied on by J.C. Penney, *Thompson v. APM Terminals Pac. Ltd.*, 2010 U.S. Dist.LEXIS 142537 (N.D. Cal. Aug. 26, 2010) and *Adams v. Luxottica U.S. Holdings Company,* 2009 U.S. Dist. LEXIS 130660 (C.D. Cal. Jul. 24, 2009), addressed the question of

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#16
term #9
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2325 PSG (SHx) | Date | June 9, 2011 |
|---|---|---|---|
| Title | Alyssa Jones v. J.C. Penney Corp., Inc. *et al.* | | |

No. 2:10-cv-00072-MC, 2010 WL 2650571, at *2 -3 (E.D. Cal., July 1, 2010) ("To find that PAGA creates a wholly procedural right, and that Rule 23 therefore applies, would be to ignore the intent of the legislature in passing the statute."); *Machado v. M.A.T. & Sons Landscape, Inc.*, No. 2:09-cv-00459 JAM, 2009 WL 2230788, at *3 (E.D. Cal., July 29, 2009); *see also Arias v. Superior Court*, 46 Cal. 4th 969, 95 Cal. Rptr. 3d 588, 209 P.3d 923 (2009) (holding that PAGA claims need not satisfy class action requirements).[3]

IV.    Conclusion

        Thus, based on the foregoing, the Court finds that this action is a representative action under PAGA, and that removal under CAFA was improper. Accordingly, Plaintiff's motion to remand is GRANTED.

        **IT IS SO ORDERED.**

I hereby attest and certify on 6/10/11
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1091

---

whether removal under CAFA was proper, nor involved solely PAGA claims. Accordingly, the Court does not find them persuasive.

[3] Because the Court concludes that CAFA is an inappropriate basis for removal, it need not reach the question of whether CAFA's amount-in-controversy requirement has been satisfied. Further, as the Court lacks subject matter jurisdiction over this action, J.C. Penney's pending motion to dismiss is rendered moot.



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive and
Clerk of Court

Date: June 10, 2011

Los Angeles County Superior Court
Civil Filing Unit, Room 102
111 North Hill Street
Los Angeles, CA 90012

Re:  Case Number:  CV 11-2325 PSG (SHx)

Previously Superior Court Case No.  BC451823

Case Name:  Alyssa Jones v. JC Penny Corporation Inc et al

Dear Sir / Madam:

Pursuant to this Court's ORDER OF REMAND issued on June 9, 2011 , the above-referenced case is hereby remanded to your jurisdiction.

Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to our office.  Thank you for your cooperation.

Respectfully,

Clerk, U. S. District Court
**Irene Ramirez**
**Relief Courtroom Deputy**
By:  **(213) 894-2877**
Deputy Clerk

☒ Western   ☐ Eastern   ☐ Southern Division

*cc: Counsel of record*

_____

Receipt is acknowledged of the documents described herein.

Clerk, Superior Court

_____     By: _____
Date                                                          Deputy Clerk

CV - 103 (09/08)          LETTER OF TRANSMITTAL - REMAND TO SUPERIOR COURT (CIVIL)

Case 2:11-cv-05631-PSG -SH Document 1 Filed 07/08/11 Page 57 of 64 Page ID #:58

(SHx), CLOSED, DISCOVERY, REMANDED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:11-cv-02325-PSG -SH

Alyssa Jones v. JC Penny Corporation Inc et al          Date Filed: 03/18/2011
Assigned to: Judge Philip S. Gutierrez                  Date Terminated: 06/09/2011
Referred to: Magistrate Judge Stephen J. Hillman        Jury Demand: Plaintiff
Case in other court: Superior Court of CA Los Angeles    Nature of Suit: 790 Labor: Other
                     County, BC451823                    Jurisdiction: Federal Question
Cause: 28:1441 Notice of Removal

**Plaintiff**

**Alyssa Jones**                      represented by **David Michael Medby**
*individually, and on behalf of other*               Initiative Legal Group APC
*members of the general public similarly*            1800 Century Park East Suite 200
*situated*                                           Los Angeles, CA 90067
                                                     310-556-5637
                                                     Fax: 310-861-9051
                                                     Email: dmedby@initiativelegal.com
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Mark P Estrella**
                                                     Initiative Legal Group APC
                                                     1800 Century Park East 2nd Floor
                                                     Los Angeles, CA 90067
                                                     310-556-5637
                                                     Fax: 310-861-9051
                                                     Email: mestrella@initiativelegal.com
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Sue Jin Kim**
                                                     Initiative Legal Group APC
                                                     1800 Century Park East 2nd Floor
                                                     Los Angeles, CA 90067
                                                     310-556-5637
                                                     Fax: 310-861-9051
                                                     Email: skim@initiativelegal.com
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JC Penny Corporation Inc**          represented by **Dominic John Messiha**
*a Delaware Corporation*                             Littler Mendelson PC
                                                     2049 Century Park East 5th Floor

Los Angeles, CA 90067-3107
310-553-0308
Fax: 310-553-5583
Email: dmessiha@littler.com
*ATTORNEY TO BE NOTICED*

**Julie A Dunne**
Littler Mendelson APC
501 West Broadway Suite 900
San Diego, CA 92101-3577
619-232-0441
Fax: 619-232-4302
Email: jdunne@littler.com
*ATTORNEY TO BE NOTICED*

**Matthew J Sharbaugh**
Littler Mendelson APC
2049 Century Park East Suite 500
Los Angeles, CA 90067-3107
310-553-0308
Fax: 310-553-5583
Email: msharbaugh@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JC Penny Company Inc**                    represented by  **Dominic John Messiha**
*a Delaware Corporation*                                    (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Julie A Dunne**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Matthew J Sharbaugh**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1 through 10 inclusive*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/18/2011 | 1 | NOTICE OF REMOVAL from the Superior Court of CA, Los Angeles County, case number BC451823 with CONFORMED copies of summons and complaint. Case assigned to Judge Philip S. Gutierrez, discovery to Magistrate Judge Stephen J Hillman; (Filing fee $ 350 PAID ); filed by defendants JC Penny Company Inc, JC Penny Corporation Inc.(esa) (mg). (Entered: 03/21/2011) |

| 03/18/2011 | | SUPERIOR COURT CONFORMED COPY OF FIRST AMENDED COMPLAINT against defendants Does 1through 10, JC Penny Company Inc, JC Penny Corporation Inc amending Complaint, 1 ,filed by plaintiff Alyssa Jones (esa) (Entered: 03/21/2011) |
|---|---|---|
| 03/18/2011 | 2 | NOTICE OF INTERESTED PARTIES filed by defendants JC Penny Company Inc, JC Penny Corporation Inc. (esa) (mg). (Entered: 03/21/2011) |
| 03/18/2011 | 3 | CORPORATE DISCLOSURE STATEMENT filed by defendants JC Penny Company Inc, JC Penny Corporation Inc identifying Other Affiliate JC Penny Corporation Inc, Other Affiliate Vorando Realty Trust for JC Penny Company Inc. (esa) (mg). (Entered: 03/21/2011) |
| 03/18/2011 | 4 | NOTICE OF RELATED CASES filed by defendants JC Penny Company Inc, JC Penny Corporation Inc. Related Case(s): NONE (esa) (mg). (Entered: 03/21/2011) |
| 03/18/2011 | 5 | DECLARATION of ANTONIO WILSON in support of Notice of Removal, 1 filed by Defendants JC Penny Company Inc, JC Penny Corporation Inc. (esa) (mg). (Entered: 03/21/2011) |
| 03/18/2011 | 6 | STANDING ORDER REGARDING NEWLY ASSIGNED CASES by Judge Philip S. Gutierrez, (bp) (Entered: 03/21/2011) |
| 03/22/2011 | 7 | NOTICE to Plaintiff and Counsel of Removal of Civil Action filed by Defendants JC Penny Company Inc, JC Penny Corporation Inc. (Attachments: # 1 Affidavit)(Sharbaugh, Matthew) (Entered: 03/22/2011) |
| 03/22/2011 | 8 | PROOF OF SERVICE filed by Defendants JC Penny Company Inc, JC Penny Corporation Inc, re Order 6 served on 3/22/11. (Sharbaugh, Matthew) (Entered: 03/22/2011) |
| 03/25/2011 | 9 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants JC Penny Company Inc, JC Penny Corporation Inc. Motion set for hearing on 4/25/2011 at 01:30 PM before Judge Philip S. Gutierrez. (Attachments: # 1 Memorandum, # 2 Declaration, # 3 Request for Judicial Notice, # 4 Proposed Order)(Messiha, Dominic) (Entered: 03/25/2011) |
| 03/28/2011 | 10 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Attachment #3: Request for Judicial Notice 9 . The following error(s) was found: Other error(s) with document(s) are specified below. Other error(s) with document(s): Request for Judicial Notice should be e-filed as a separate, stand-alone document using event Requests-For Judicial Notice. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (bm) (Entered: 03/28/2011) |
| 04/04/2011 | 11 | OPPOSITION re: MOTION to Dismiss Case 9 filed by Plaintiff Alyssa Jones. (Attachments: # 1 Declaration Of Mark Estrella In Support Of Plaintiffs Opposition To Defendants J.C. Penney Corporation, Inc.'s and J.C. Penney Company, Inc.'s Motion To Dismiss Plaintiff Alyssa Jones First Amended Complaint)(Estrella, Mark) (Entered: 04/04/2011) |

| 04/11/2011 | 12 | REPLY in support of MOTION to Dismiss Case 9 filed by Defendants JC Penny Company Inc, JC Penny Corporation Inc. (Messiha, Dominic) (Entered: 04/11/2011) |
|---|---|---|
| 04/15/2011 | 13 | ***STRICKEN*** NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by plaintiff Alyssa Jones. Motion set for hearing on 5/16/2011 at 01:30 PM before Judge Philip S. Gutierrez. (Attachments: # 1 Declaration of Mark P. Estrella in Support of Plaintiff's Motion to Remand, # 2 Proposed Order Granting Plaintiff's Motion to Remand)(Estrella, Mark). **PURSUANT TO ORDER, DOCUMENT NUMBER 14 ***. Modified on 4/18/2011 (jp). (Entered: 04/15/2011) |
| 04/18/2011 | 14 | ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENTS by Judge Philip S. Gutierrez: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: MOTION to Remand Case to Los Angeles Superior Court 13 , for the following reasons: (1) Hearing information is missing, incorrect, or not timely; (2) May 16th hearing date was closed on April 12, 2011. See under Note. *Note: Please refer to the Court's Internet website at www.cacd.uscourts.gov for Local Rules, General order 10-07 and applicable forms. (jp) (Entered: 04/18/2011) |
| 04/18/2011 | 15 | NOTICE OF MOTION AND MOTION to Remand Case to Los Angeles Superior Court filed by plaintiff Alyssa Jones. Motion set for hearing on 5/23/2011 at 01:30 PM before Judge Philip S. Gutierrez. (Attachments: # 1 Declaration of Mark P. Estrella in Support of Plaintiff's Motion to Remand, # 2 Proposed Order Granting Plaintiff's Motion to Remand)(Estrella, Mark) *** DOCUMENT IS STRICKEN PURSUANT TO COURT ORDER DATED 4-22-2011, DOC #19 *** Modified on 4/22/2011 (lw). (Entered: 04/18/2011) |
| 04/18/2011 | 16 | NOTICE OF MOTION AND Amended MOTION to Remand Case to Los Angeles Superior Court filed by plaintiff Alyssa Jones. Motion set for hearing on 6/6/2011 at 01:30 PM before Judge Philip S. Gutierrez. (Attachments: # 1 Declaration of Mark P. Estrella in Support of Plaintiff's Motion to Remand, # 2 Proposed Order Granting Plaintiff's Motion to Remand)(Estrella, Mark) (Entered: 04/18/2011) |
| 04/20/2011 | 17 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Motion to Remand Case 15 . The following error(s) was found: Other error(s) with document(s) are specified below. Other error(s) with document (s): Hearing date is closed on the court's calendar. The court notes that an amended motion to remand case was e-filed as document 16 , noticed for hearing on 6/6/11. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (bm) (Entered: 04/20/2011) |
| 04/20/2011 | 18 | MINUTE ORDER IN CHAMBERS re DEFENDANTS' MOTION TO DISMISS PLAINTIFF ALYSSA JONES' FIRST AMENDED COMPLAINT FILED 03-25-11 (DOC. 9) by Judge Philip S. Gutierrez: PLEASE BE ADVISED that on the Court's own motion, the above-referenced matter is |

|            |    |                                                                                                                                                                                                                                                                                                                                                                                 |
|------------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |    | hereby continued from April 25, 2011 to Monday, June 6, 2011 at 1:30 pm. (bm) (Entered: 04/21/2011)                                                                                                                                                                                                                                                                             |
| 04/22/2011 | 19 | ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENTS by Judge Philip S. Gutierrez: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: MOTION to Remand Case to Los Angeles Superior Court 15 , for the following reasons: Hearing information is missing, incorrect, or not timely. Hearing date closed: amended motion filed (See Doc. 16). (lw) (Entered: 04/22/2011) |
| 05/16/2011 | 20 | Opposition to re: Amended MOTION to Remand Case to Los Angeles Superior Court 16 filed by Defendants JC Penny Company Inc, JC Penny Corporation Inc. (Attachments: # 1 Declaration)(Groode, Steven) (Entered: 05/16/2011) |
| 05/23/2011 | 21 | REPLY in Support Amended MOTION to Remand Case to Los Angeles Superior Court 16 filed by Plaintiff Alyssa Jones. (Estrella, Mark) (Entered: 05/23/2011) |
| 06/02/2011 | 22 | MINUTES: (In Chambers): PLAINTIFF'S MOTION TO REMAND FILED 04-18-11 16 and DEFENDANTS' MOTION TO DISMISS PLAINTIFF ALYSSA JONES' FIRST AMENDED COMPLAINTFILED 03-25-11 9 : Counsel are advised that the above-referenced motion(s) set for hearing on June 6, 2011 is taken Under Submission and off calendar. Accordingly, no appearance by counsel is necessary. The Court will issue a ruling after full consideration of the submitted pleadings by Judge Philip S. Gutierrez. (ir) (Entered: 06/02/2011) |
| 06/09/2011 | 23 | MINUTES: (In Chambers) Order GRANTING Plaintiffs motion to remand 16 IT IS SO ORDERED by Judge Philip S. Gutierrez (cc Copy of Minute Order, docket sheet and Letter of Remand sent to Los Angeles County Superior Court, BC451823) (MD JS-6. Case Terminated) (Attachments: # 1 CV-103 Letter of Remand) (ir) (Entered: 06/10/2011) |

I hereby attest and certify on 6 |10 |11
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 5631 DDP (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALYSSA JONES | J.C. PENNEY CORPORATION, INC.<br>J.C. PENNEY COMPANY, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mark P. Estrella, SBN 187091, David B. Medby, SBN 227401<br>Sue J. Kim, SBN 256392<br>Initiative Legal Group, APC<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA 90067   Tel: 310.556.5637 | Julie A. Dunne, SBN 160544, Dominic J. Messiha, SBN 204544<br>Matthew J. Sharbaugh, SBN 260830<br>Littler Mendelson, P.C.<br>2049 Century Park East, Fifth Floor<br>Los Angeles, CA 90067<br>Tel: 310.553.0308 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332(a), 1441 and 1446 (diversity jurisdiction).

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV11-05631

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes
If yes, list case number(s): CV11-2325 PSG (SHx)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): *(signature)*                Date July 8, 2011
Matthew J. Sharbaugh

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com