O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6
Link Docs. #10 and #15

| Case No. | CV 11-5631 PSG (SHx) | Date | Sept. 28, 2011 |
|---|---|---|---|
| Title | Jones *et al.* v. J.C. Penney Corp., Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

Not Present                                                              Not Present

**Proceedings:**    (In Chambers) Order Remanding Case

Pending before the Court are (1) Plaintiff Alyssa Jones's ("Plaintiff") motion to remand to state court; and (2) Defendants J.C. Penney Corporation, Inc. and J.C. Penney Company, Inc.'s (collectively, "J.C. Penney" or "Defendants") motion to dismiss Plaintiff's First Amended Complaint. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the papers submitted in support of and in opposition to these motions, the Court GRANTS Plaintiff's motion and remands the case, thereby mooting Defendants' motion.

I.      Background

Plaintiff Alyssa Jones, a former employee of Defendant J.C. Penney, filed this representative enforcement action in Los Angeles County Superior Court pursuant to California's Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code § 2698 *et seq.*, alleging that J.C. Penney violated California labor laws by refusing to allow Plaintiff and similarly situated "aggrieved employees" to sit, "even when it would not have interfered with the performance of their duties." *FAC* ¶¶ 31-32 [Dkt. # 15-1, Ex. A (Aug. 5, 2011)].[1] On January 26, 2011, J.C. Penney removed the case to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

---

[1] When the current matter, *Jones et al. v. JCPenney Corp., Inc., et al.*, CV 11-5631 PSG (SHx), was first removed to this Court, it was assigned a different case number, CV 11-2325 PSG (SHx).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 11-5631 PSG (SHx) | Date | Sept. 28, 2011 |
|---|---|---|---|
| Title | Jones *et al.* v. J.C. Penney Corp., Inc., *et al.* | | |

Plaintiff subsequently moved to remand, arguing that the case was not a class action, but rather a representative action under PAGA. The Court agreed and, on June 9, 2011, issued an Order remanding the case. *See Remand Order*, CV 11-2325 PSG (SHx), Dkt. # 23 (June 9, 2011). In so holding, the Court relied on a declaration from Plaintiff's counsel stating that he erred by including the language "First Amended Class Action Complaint" on the caption page of the pleading. *Medby Decl.* ¶ 8, Ex. B [Dkt. # 15-1 (Aug. 5, 2011)]. It further reasoned that, beyond this erroneous statement, the pleading lacked any allegations supporting Defendants' theory that the case was a class action under Federal Rule of Civil Procedure 23. Having thus concluded that the case was a representative action under PAGA rather than a class action, the Court accordingly held that removal under CAFA was improper and remanded the case. *See Remand Order*, CV 11-2325 PSG (SHx), Dkt. # 23 (June 9, 2011).

Thirty days later, on July 8, 2011, J.C. Penney filed a second notice of removal, this time on grounds of diversity under 28 U.S.C. § 1332(a). According to J.C. Penney, the case was removable because "the existence of basic diversity of citizenship jurisdiction only became apparent through the Court's prior remand order, which confirmed that Jones was not asserting class claims, but was instead pursuing a non-class, representative PAGA claim." *Opp'n to Remand Mot.* 3:28-4:3. Plaintiff, in response, filed her second motion to remand, which – along with J.C. Penney's motion to dismiss the First Amended Complaint – is now before the Court.

II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Co.*, 443 F. 3d 676, 679-80 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and the party seeking removal has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *Id.*; *see also Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM, 2008 WL 4447678, at *4 (C.D. Cal., Sept. 30, 2008).

Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive removals are allowed only where the second notice of removal is

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS - 6

| Case No. | CV 11-5631 PSG (SHx) | Date | Sept. 28, 2011 |
|---|---|---|---|
| Title | Jones *et al.* v. J.C. Penney Corp., Inc., *et al.* | | |

based on newly discovered facts not available at the time of the first removal. *S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 492 (5th Cir. 1996); *see also Mattel Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005); *Barahona v. Orkin,* No. CV 08-04634-RGK (SHx), 2008 WL 4724054, at *2 (C.D. Cal. Oct. 21, 2008); *Sweet v. United Parcel Service, Inc*., No. CV 09-02653 DDP, 2009 WL 1664644, at *2 -3 (C.D. Cal. June 15, 2009).

III.   Discussion

In bringing this motion, Plaintiff argues that the Court should once again remand this case because J.C. Penney's second notice of removal was untimely, and therefore improper. Alternatively, she contends that even if J.C. Penney's notice of removal was timely filed, J.C. Penney nonetheless fails to meet its burden of establishing that the requisite amount in controversy is satisfied. For reasons set forth below, the Court agrees that J.C. Penney's second notice of removal was procedurally improper.

A.   Timeliness of Successive Removal

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after he objectively learns that the action is removable. 28 U.S.C. § 1446(b). A defendant may learn that an action is removable through either the four corners of the applicable pleading, *see Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005), or through receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). As noted above, the law is clear that successive removals must be based on new information. *Harris*, 425 F.3d at 698; *see also Aurora Loan Services LLC v. Cortez*, No. ED CV 10-1508 PA, 2010 WL 4009391, at *2 (C.D. Cal., Oct. 12, 2010) ("A successive attempt at removal is justified only where there has been a 'substantial change in the nature of the instant case since it was last in this court.'") (internal citations and quotations omitted); *Barahona v. Orkin,* No. CV 08-04634-RGK (SHx), 2008 WL 4724054, at *2 (C.D. Cal. Oct. 21, 2008) ("Successive removals are allowed only where the second notice of removal is based on newly discovered facts not available at the time of the first removal.").

J.C. Penney asserts that its second notice of removal was timely because it was filed within thirty days of receipt of a "pleading" or "other paper" from which it could ascertain that removal was proper, namely, the Court's June 2011 Remand Order. *Opp'n to Remand Mot.* 7:5-

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5631 PSG (SHx) | Date | Sept. 28, 2011 |
|---|---|---|---|
| Title | Jones *et al.* v. J.C. Penney Corp., Inc., *et al.* | | |

8. Specifically, it claims that by reading this Order, it "learned for the first time that Plaintiff's claims are not subject to CAFA, but that she is instead pursuing individual claims in connection with a representative action under the Private Attorney General Act." *Second Notice of Removal* ¶ 13 [Dkt. # 1 (July 8, 2011)].

The Court, however, is not persuaded that its June 2011 Order constituted "a subsequent pleading or event reveal[ing] a new and different grounds for removal" as would trigger removeability under 28 U.S.C. § 1446(b). *Id.* ¶ 16. As previously noted, the Court held that Plaintiff's pleading indicated that the case was a representative action under PAGA; and that PAGA actions are not encompassed by CAFA. Contrary to what J.C. Penney appears to suggest, nothing in the Order transformed the operative pleading so as to effect a substantial change in the nature of the case. Nor has there been any subsequent pleading or paper bringing to light new facts which could provide a basis for a renewed removal petition.

Although the removal statute states that receipt of a "copy of an amended pleading, motion, order or other paper" can trigger removeability, J.C. Penney provides no authority supporting the notion that an order resolving a contested remand motion in which no new facts or pleadings are implicated can justify successive removal.[2] The case law, rather, points to the opposite conclusion. *See, e.g., S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable."); *Aurora*, 2010 WL 4009391 at *2; *Barahona*, 2008 WL 4724054; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (policy underlying the removal statute requires resolving all doubts on removeability in favor of remanding the case).

---

[2] While J.C. Penney relies on *Lucent S.P.A. v. Apik Jewelry, Inc.*, No. CV-07-04005 MMM, 2007 WL 7209938, at *5 (C.D. Cal. Oct. 1, 2007), for the proposition that an order issued by a court can trigger the thirty-day removeability window under § 1446(b), the facts of that case are readily distinguishable. In *Lucent*, the court held that the removal period was triggered by the filing of an amended complaint (which sought to add a federal claim) that was attached to the stipulated order. Here, by way of contrast, no new claims were effectively added through issuance of the Court's June 2011 Order. The other cases cited in J.C. Penney's papers are similarly inapposite.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-5631 PSG (SHx) | Date | Sept. 28, 2011 |
|---|---|---|---|
| Title | Jones *et al.* v. J.C. Penney Corp., Inc., *et al.* | | |

      Thus, based on the foregoing, the Court finds that J.C. Penney failed to demonstrate that the Court's June 2011 Order effected a substantial change in the case. Consequently, it concludes that the jurisdictional basis asserted in J.C. Penney's second notice of removal could have been raised in its first removal notice. As J.C. Penney's second notice of removal was filed over six months after J.C. Penney first received notice that the action was potentially removeable, its removal on July 8, 2011 is untimely and therefore improper.[3] *See St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212, 217, 2 S.Ct. 498, 27 L.Ed. 703 (1883) (failure to comply with procedural requirements can bar successive removal on same grounds).

IV.    Conclusion

      For the foregoing reasons, the Court GRANTS Plaintiff's motion and REMANDS the case to state court. Further, given that the Court lacks subject matter jurisdiction over this action, it cannot rule on J.C. Penney's motion to dismiss Plaintiff's First Amended Complaint. Accordingly, J.C. Penney's motion to dismiss is hereby rendered moot.

      **IT IS SO ORDERED.**

---

[3] Because the Court finds that J.C. Penney's second attempt at removal is procedurally improper, it need not evaluate whether it met its burden of establishing that the requisite amount in controversy is satisfied.